IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| VAQUERO PERMIAN PROCESSING LLC, | § § | |
| *Plaintiff,* | § | |
| | § | PE:21-CV-00050-DC-DF |
| v. | § | |
| | § | |
| MIECO LLC, | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Plaintiff Vaquero Permian Processing LLC's ("Plaintiff") Motion for Remand and Brief in Support (hereafter, "Motion for Remand") (Doc. 9), as well as Defendant MIECO LLC's ("Defendant") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (hereafter, "Motion to Transfer") (Doc. 5). This case is before the U.S. Magistrate Judge by a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Plaintiff's Motion for Remand be **GRANTED**. (Doc. 9). Accordingly, the undersigned also **RECOMMENDS** that Defendant's Motion to Transfer be **DENIED AS MOOT**. (Doc. 5).

## I. BACKGROUND

This case's genesis is a contractual dispute concerning the delivery of certain quantities of natural gas between February 14, 2021, and February 16, 2021. (Doc. 1 at 2). At some point in 2020, Plaintiff and Defendant allegedly entered into a contract for the sale and purchase of natural gas, pursuant to which Plaintiff would sell Defendant a specified quantity of gas daily for about one year. (Doc. 15-1 at 6). Following a winter storm which affected the Texas power grid, Plaintiff was

purportedly unable to process and deliver its gas to Defendant under the agreement. *Id.* at 5–7. Plaintiff argued force majeure under the contract, but claims that Defendant "has failed to recognize [Plaintiff's] valid notice . . . [and] has instead demanded damages." *Id.* at 8. On April 8, 2021, Plaintiff filed its Original Petition for Declaratory Relief against Defendant MIECO LLC under Cause No. P-8350-83-CV, *Vaquero Permian Processing LLC v. MIECO LLC*, in the 83rd Judicial District Court of Pecos County, Texas. (Doc. 9 at 1–2).

On July 12, 2021, Defendant filed its Notice of Removal (hereafter, "Notice") in this Court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1441. (Doc. 1). In the Notice, Defendant alleges that Plaintiff and Defendant "are citizens of different states." *Id.* at 2. Defendant is a limited liability company ("LLC") with uncontested New York citizenship through its sole member, Maurbeni America. (Doc. 1 at 2). Defendant acknowledges that Plaintiff "is a limited liability company" with a singular member, Vaquero Midstream LLC ("Vaquero Midstream"), which is another LLC "organized under the laws of Texas with its principal place of business in Dallas, Texas." *Id.* On July 19, 2021, Defendant filed its Motion to Transfer, requesting transfer of this case to the Northern District of Texas. (Doc. 5 at 1). On August 11, 2021, Plaintiff filed its Motion for Remand, alleging that the Court lacks subject matter jurisdiction based upon the absence of complete diversity. (Doc. 9 at 1). Defendant filed a response to the Motion for Remand on August 25, 2021, and Plaintiff submitted a Reply on September 1, 2021. (Docs. 12, 13). Accordingly, this matter is now ripe for disposition.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by [the] Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258–59 (5th

Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). A defendant may remove a state-court civil action to a federal district court if the latter has original jurisdiction. *See* 28 U.S.C. § 1441(a). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt.*, 739 F.3d at 258–59. "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Once the case is removed, the district court must, however, remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of proving by preponderance of evidence that federal jurisdiction exists. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Significantly, the jurisdictional facts must be judged as of the time of removal of the state court case to federal court. *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).

If remand is not necessary, a court may transfer the case to an appropriate venue pursuant to 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste of time, energy and money and to protect the litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). Section 1404(a) permits a district court "[f]or the convenience of the parties and witnesses" to "transfer any civil action to any other district or division where it might have been brought." *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014). The determination of convenience turns on a number of public and private interest factors, none of which is dispositive of the transfer issue. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The threshold question for the court is whether the plaintiff could have brought the action in the transferee court. *Hoffman v. Blaski*, 363

U.S. 335, 343–44 (1960).

### III. DISCUSSION

*1) Motion for Remand*

Plaintiff moves the Court to remand this case in its entirety for lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1447(c). (Doc. 9 at 1). Diversity jurisdiction in federal court requires complete diversity, which entails "that all persons on one side of the controversy [are] citizens of different states than all persons on the other side." See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). Defendant admits that it is a citizen of New York, which as noted above Plaintiff does not dispute. (*See* Doc. 12 at 1–2). However, the citizenship of Plaintiff is contested; if Plaintiff is also a citizen of New York, complete diversity will not exist in this case and therefore the Court will lack jurisdiction. Therefore, the sole remaining issue is whether Plaintiff's citizenship, as an LLC, includes New York state.

*a. Diversity of Citizenship*

Defendant removed this case from Texas state court to this Court pursuant to 28 U.S.C. § 1332 and § 1446, or under diversity jurisdiction. (*See* Doc. 1 at 1). Being the removing party, Defendant "bears the burden of demonstrating that federal jurisdiction exists . . . by a preponderance of the evidence." *Gilchrist v. Mejia*, No. 21-466, 2021 U.S. Dist. LEXIS 94059, at *6, *9, 2021 WL 1977093, at *2, *4 (E.D. La. May 18, 2021). In determining whether the diversity requirement is met, the Court "must analyze the residencies of each party at the time a suit is filed, not when the event giving rise to the suit took place." *Woods v. Wal-Mart, Inc.*, No. 7:18-CV-00005-DC, 2018 U.S. Dist. LEXIS 231508, at *10, 2018 WL 8996624, at *4 (W.D. Tex. Aug. 14, 2018). In July 2021, when Defendant filed its Notice of Removal, Defendant was an LLC. (Doc. 1 at 2). Defendant's Notice of Removal alleges that

(1) Plaintiff is a limited liability company whose only member is

> Vaquero Midstream LLC, a limited liability company organized under the laws of Texas with its principal place of business in Dallas, Texas. . . .
>
> (2) Defendant . . . is a limited liability company whose only member is Maurbeni America, a New York corporation with its principal place of business in New York. . . . [and]
>
> (3) the members of Plaintiff and the members of Defendant are citizens of different states . . . .

(Doc. 1 at 1–2). To determine a party LLC's citizenship for purposes of discerning diversity jurisdiction, federal courts examine the citizenship of all of the LLC's members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (observing that "[a]ll federal appellate courts . . . have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a[n] LLC is determined by the citizenship of all of its members"). The party seeking to establish federal diversity jurisdiction "must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). "The same requirement applies to any member of a limited liability company which is also a limited liability company." *Perry v. Kiko Mgmt. Grp., LLC*, No. 21-203-JWD-EWD, 2021 U.S. Dist. LEXIS 92760, at *5, 2021 WL 1950034, at *2 (M.D. La. May 14, 2021).

In this case, Defendant asserts that it is a New York citizen. Plaintiff does not dispute Defendant's citizenship; therefore, for the purposes of the Motion for Remand, the undersigned finds that Defendant is a citizen of New York. Accordingly, the parties dispute only the membership of Plaintiff, which is another LLC. (*See* Docs. 9 at 1–2; 12 at 1). Plaintiff notes that the Notice of Removal only traces its citizenship a limited way "down the chain" by recognizing only Vaquero Midstream's status as an LLC. (Doc. 9 at 4); *see Canadian Breaks, LLC v. JPMorgan Chase Bank, N.A.*, No. 2:21-CV-37-M-BR, 2021 U.S. Dist. LEXIS 203183, at *12–*13, 2021 WL 4897554, at *4 (N.D. Tex. Sept. 14, 2021), *report and recommendation adopted*, No. 2:21-CV-37-BR, 2021 U.S.

Dist. LEXIS 202006, 2021 WL 4893606 (N.D. Tex. Oct. 20, 2021). Plaintiff in its Motion for

Remand asserts that its business structure is as follows:

> (1) Plaintiff's sole member is Vaquero Midstream, an LLC. (Doc. 9 at 5).
> Vaquero Midstream is a one-hundred percent owner of Plaintiff. (Doc.
> 9-2 at 2).
>
> (2) Vaquero Midstream's sole member is Vaquero Midstream Holdings
> ("Vaquero Holdings"), another LLC. (Doc. 9 at 6). Vaquero Holdings
> is a one-hundred percent owner of Vaquero Midstream. (Doc. 9-3 at 2).
>
> (3) Vaquero Holdings has multiple members, one of which is Yorktown
> Energy Partners X, L.P. ("Yorktown Energy"). *Id.* Yorktown Energy
> has a forty-nine percent ownership interest in Vaquero Holdings. (Doc.
> 9-4 at 2).
>
> (4) Yorktown Energy, being a limited partnership, is a citizen of each state
> of its partners, both general and limited. *See Settlement Funding*, 851
> F.3d at 536. One of Yorktown Energy's partners is The Andrew W.
> Mellon Foundation ("AWMF"), which is a New York *corporation*
> possessing a principal place of business in New York. (Doc. 9 at 6; *see
> also* Doc. 13-2 at 7).

The primary debate arises from the question of whether AWMF is indeed a partner of Yorktown

Energy, which if resolved in the affirmative, would give Yorktown Energy New York citizenship.

Accordingly, if Plaintiff, through its business hierarchy ending with AWMF, is a New York citizen,

diversity of citizenship will be destroyed in this case, and the Court will be deprived of subject matter

jurisdiction.

    The undersigned finds that Defendant has failed to meet its burden of demonstrating that

complete diversity exists. Defendant, being a New York citizen as well as the removing party, has the

burden of affirmatively demonstrating that Plaintiff is not a citizen of New York. *See Gilchrist v.

Mejia*, No. 21-466, 2021 U.S. Dist. LEXIS 94059, at *6, *9, 2021 WL 1977093, at *2, *4 (E.D. La.

May 18, 2021). Defendant in its Notice of Removal has only buttressed diversity jurisdiction based

upon Plaintiff having apparently a sole member, Vaquero Midstream, which is a Texas LLC with its

principal place of business in Texas. (Doc. 1 at 1). Instead, Defendant's primary defense in this

regard is that Plaintiff ostensibly preemptively anticipated a possible attempt to establish diversity

6

jurisdiction when the state court complaint was filed. (Doc. 12 at 1) (characterizing the state court complaint as "an obvious attempt to establish the absence of federal diversity jurisdiction"). Yet, Defendant seemingly fails to realize that the burden is not upon the state court plaintiff to destroy federal court diversity. Rather, it was and still is Defendant's duty to establish that complete diversity exists between itself and Plaintiff. *See Castro v. Dillard Travis O'Neal & Ean Holdings*, No. DR-19-CV-083-AM/VRG, 2020 U.S. Dist. LEXIS 255815, at \*4, 2020 WL 10051735, at \*2 (W.D. Tex. Nov. 20, 2020). Defendant was competent enough to determine that Plaintiff, as an LLC, holds the citizenship of all of its members when it noted that it removed the case only "[a]fter determining that [Plaintiff] Vaquero[ Permian's] only member is Vaquero Midstream." (Doc. 12 at 1). The undersigned holds that this generic allegation of a sort of diversity gamesmanship is baseless, and serves only as confirmation that Defendant would prefer to shuffle around the appropriate burdens.

In support of the proposition that Yorktown Energy is indeed at the basis of Plaintiff's proffered business structure, Plaintiff has provided Texas state tax reports for its chain member LLCs as well as a federal tax return for the ultimate Yorktown Energy partnership.[1] (*See* Docs. 9-2, 9-3, 9-4, 13-2). On the Yorktown Energy partnership tax return, AWMF is listed as a partner for Yorktown Energy. (Doc. 13-2 at 7). Furthermore, Plaintiff has supplied the affidavit of Robert A. Signorino, a Managing Member of Yorktown Partners LLC ("Yorktown Partners"), an "asset management firm that manages equity investments private companies in the energy industry." (Doc. 9-1 at 2). Mr. Signorino declares in his affidavit that Yorktown Partners manages Yorktown Energy, and that on the information obtained therein, Yorktown Energy is indeed a member of Vaquero Holdings. *Id.* Mr. Signorino also declares that Vaquero Holdings is the sole member of Vaquero Midstream, which is

---

1. Defendant argues that the tax documents are of no value here because they are dated as coming from 2019 and 2020. (Doc. 12 at 2). However, Defendant seemingly forgets that it is not Plaintiff who has the burden of demonstrating non-diversity, but rather itself possessing the burden of demonstrating diversity exists. *See Doctors Hosp. at Renaissance, Ltd. v. Emps. Ins. Co.*, No. 7:21-cv-00418, 2022 U.S. Dist. LEXIS 3370, at \*5, 2022 WL 72121, at \*2 (S.D. Tex. Jan. 7, 2022). A mere statement that Plaintiff's arguably unnecessary evidence is from a year prior to the filing of this lawsuit is insufficient to carry Defendant's burden.

subsequently the sole member of Plaintiff's organization. *Id.* at 3. Lastly, and most importantly, Mr. Signorino verifies that AWMF is a limited partner of Yorktown Energy, and that the former is incorporated and has its principal place of business in New York. *Id.* In effect, Mr. Signorino compounds Plaintiff's formulation of its business structure and confirms the assertions in the Motion for Remand. Additionally, in an email exchange between counsel for Defendant and counsel for Plaintiff, the former's counsel acknowledged that Yorktown Energy is the bottom-most member of Plaintiff, and that therefore Yorktown Energy's citizenship will trickle-up towards the ultimate dispositive citizenship in the case. (Doc. 13-2 at 2–3). Based on the preponderance of the evidence standard, Defendant is virtually required to provide contradictory evidence in order to remain in federal court.

The undersigned finds that Defendant's paltry support to counter Plaintiff's bountiful evidence of New York citizenship is woefully insufficient. Plaintiff has demonstrated that it, in part, is a citizen of New York, which defeats diversity jurisdiction. This is not simply a case of a plaintiff baselessly arguing that diversity jurisdiction does not exist, wherein the defendant "should be allowed to proceed in federal court . . . until [the plaintiff] can identify any of its members who are citizens of [the defendant's state]." *Canadian Breaks, LLC v. JPMorgan Chase Bank, N.A.*, No. 2:21-CV-37-M-BR, 2021 U.S. Dist. LEXIS 203183, at \*23, 2021 WL 4897554, at \*7 (N.D. Tex. Sept. 14, 2021), *report and recommendation adopted*, No. 2:21-CV-37-BR, 2021 U.S. Dist. LEXIS 202006, 2021 WL 4893606 (N.D. Tex. Oct. 20, 2021). On the contrary, this case presents the typical circumstance where a defendant removed a state court case to federal court under the guise of diversity jurisdiction, which has since been destroyed. Therefore, this case cannot remain in federal court. Accordingly, the undersigned therefore **RECOMMENDS** that Plaintiff's Motion for Remand be **GRANTED**. (Doc. 9).

      *b.   Jurisdictional Discovery*

Defendant requests in its response to the Motion for Remand that the Court grant it limited

jurisdictional discovery to determine whether Plaintiff's business structure is as it asserts. (*See* Doc. 12 at 2–3). According to Defendant, Plaintiff's proffered statements indicating an absence of complete diversity paint themselves an incomplete picture, as "several pieces of information are missing." *Id.* at 2. Defendant claims that "the ownership of the various [Plaintiff] entities in 2019 and 2020 is immaterial," and that because Plaintiff "has wholly failed to proffer evidence that diversity was lacking on the relevant dates," jurisdictional discovery should be allowed. *Id.*

In this case, the undersigned finds that Defendant has failed to adequately dispute Plaintiff's citizenship. (Doc. 13 at 7). While it is true that the partnership of AWMF is indeed contested, Defendant has provided no evidence to the contrary, as is its burden to so do. *See also NL Indus. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 566 (N.D. Tex. 2006) ("[T]he party removing to federal court should not seek to have its opponent carry the day."). Regardless, the Court "has broad discretion in all discovery matters." *HMO La. Inc. v. Gupta*, No. 21-522, 2021 U.S. Dist. LEXIS 121957, at *13–*14, 2021 WL 2678933, at *6 (E.D. La. June 30, 2021). This includes the ability to order jurisdictional discovery, which "may be warranted when the issue of subject matter jurisdiction turns on a disputed fact." *Id.*, 2021 U.S. Dist. LEXIS 121957, at *14, 2021 WL 2678933, at *6. (internal quotation marks omitted). "The party seeking [jurisdictional] discovery bears the burden of showing its necessity." *Id.*, 2021 U.S. Dist. LEXIS 121957, at *14, 2021 WL 2678933, at *6 (quoting *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)).

However, here, the undersigned believes "it has sufficient information before it to determine whether diversity jurisdiction exists," since Defendant has not properly disputed the purported New York citizenship of Plaintiff. *Farmers Ins. Exch. v. MTD Prods.*, No. 3:11-CV-2405-L, 2011 U.S. Dist. LEXIS 135257, at *14, 2011 WL 5877025, at *5 (N.D. Tex. Nov. 22, 2011). Plaintiff has supplied a plethora of evidence indicating its business structure is such that it possesses New York citizenship; while some of this evidence may indeed only extend to 2019 or 2020, the burden nevertheless is still upon Defendant to demonstrate complete diversity exists. Defendant cannot

remove, hastily from the perspective of the knowledge it purportedly possessed at the time of removal, this case to federal court with the assumption that this Court will expend judicial resources grant jurisdictional discovery and allow Defendant to buttress its plea to this Court that the parties are diverse when it should have done so prior to or at the time of removal. There is no presumption of complete diversity in federal court; in fact, the opposite presumption abounds. *Doctors Hosp. at Renaissance, Ltd. v. Emps. Ins. Co.*, No. 7:21-cv-00418, 2022 U.S. Dist. LEXIS 3370, at *5, 2022 WL 72121, at *2 (S.D. Tex. Jan. 7, 2022).

Thus, the undersigned finds that Defendant has failed to illustrate the necessity of jurisdictional discovery. Assuming *arguendo* that the evidence of Plaintiff's proffered business structure is outmoded or otherwise insufficient to demonstrate a current New York citizenship, the burden has always resided with Defendant as the removing party to prove complete diversity is present in the case. Unlike instances in which the *plaintiff* itself moved for jurisdictional discovery, here, the undersigned believes it has enough information to determine that Defendant has not met its burden. *See, e.g.*, *Tendler v. Hobby Lobby Stores, Inc.*, No. 16-361-JJB-EWD, 2017 U.S. Dist. LEXIS 26061, at *3–*4 (M.D. La. Feb. 24, 2017). Defendant suggests that it was blindsided by the allegations in Plaintiff's initial state court complaint; this "assertion amounts to rank speculation" and is inadequate to warrant jurisdictional discovery. *Surge Busy Bee Holdings, LLC v. Wiszniewski*, No. 3:19-CV-127-L, 2020 U.S. Dist. LEXIS 63781, at *58, 2020 WL 1846781, at *18 (N.D. Tex. Apr. 13, 2020). Defendant possessed enough information at the time of removal to be aware of the need to inquire into the business structure of Plaintiff, and Defendant's oversight should not be rewarded in federal court through the squandering of judicial resources. *See id.*, 2020 U.S. Dist. LEXIS 63781, at *59, 2020 WL 1846781, at *18 ("If Defendants lacked sufficient factual information to support removal, they could have and should have undertaken additional, investigative steps (inquiry) to determine the citizenship of all parties prior to removal.").

Additionally, the undersigned holds that Defendant neglected to point to which and what

types of discovery it would seek to conduct. Any information relating to Plaintiff's tax structure or business organization would presumably be publicly available. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019) (acknowledging that courts "can take judicial notice of [a party's] members based on the public tax filings in its exhibits"). Defendant's assertion to the contrary therefore is at best an asinine attempt at salvaging its disastrously underprepared removal. *See Farmers Ins. Exch.*, 2011 U.S. Dist. LEXIS 135257, at *14, 2011 WL 58722025, at *5 ("[V]ague assertions . . . that discovery may be necessary or that discovery will produce needed but unspecified facts are insufficient to entitle [the discovery-seeking party] to discovery."). Thus, if Plaintiff's proffered structure was indeed obsolete, Defendant should have been able to procure such publicly available evidence to the contrary, as it was obligated to do at the outset of removal.

Beyond public tax and business organization information, the undersigned also finds that Defendant's ambiguous discovery request "could not . . . add[] any significant facts to the exercise of [subject matter] jurisdiction." *Butler v. Hinkle*, No. MO:19-CV-00252-DC, 2020 U.S. Dist. LEXIS 255497, at *21, 2020 WL 9815860, at *7 (W.D. Tex. Aug. 25, 2020). Defendant as the removing party possesses the burden to demonstrate complete diversity exists; Plaintiff has gone beyond its non-duty, and provided evidence that its business structure implicates it as having New York citizenship. From the undersigned's perspective, the citizenship of Plaintiff has gone substantially undisputed: Plaintiff based upon the existing evidence and judicial presumptions is a New York citizen. *But see Daniels v. Bull Rogers, Inc.*, No. PE:17-CV-00053, 2018 U.S. Dist. LEXIS 230180, at *8, 2018 WL 7297874, at *3 (W.D. Tex. Feb. 5, 2018) (allowing jurisdictional discovery by the plaintiff as a result of "the citizenship of multiple parties remain[ing] unclear, due in large part to [the defendants'] pleadings").

Defendant's "request for jurisdictional discovery in the hopes it might, with any luck, reveal jurisdiction[,] is a textbook fishing expedition with no basis in the current record." *Catalyst Medium Four, Inc. v. CardShark, LLC*, No. A-14-CA-1007-SS, 2015 U.S. Dist. LEXIS 38729, at *21, 2015

11

WL 1412591, at *8 (W.D. Tex. Mar. 26, 2015). Accordingly, the undersigned **RECOMMENDS** that Defendant's request for jurisdictional discovery be **DENIED**. (Doc. 12 at 2–4).[2]

### c.  Attorney's Fees and Costs

Plaintiff also includes in its Motion for Remand a request for attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c). (Doc. 9 at 6–8). Attorney's fees and costs are awarded under § 1447(c) only by "[a]n order remanding the case" as to those costs "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) (citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)); *see also Sticker Synergy Corp. v. Gwyn*, No. 14-2521, 2015 U.S. Dist. LEXIS 87944, at *38, 2015 WL 4097215, at *11 (E.D. La. July 6, 2015).

Here, the undersigned concludes that there was no objectively reasonable basis upon which Defendant would seek removal. Defendant was aware of the fact that Plaintiff is organized as an LLC, and has presumptive notice that an LLC's citizenship is that of its members, irrespective of its state of organization or principal place of business. (*See* Doc. 1 at 2). Defendant should have been expected to conduct duly diligent research as to whether Plaintiff's members, somewhere down the line, would impute a New York citizenship, thereby precluding diversity jurisdiction. As Plaintiff suggests, the Texas Secretary of State records provided by Plaintiff would indicate that these records of ownership are public, and that further investigation should have been performed by Defendant to the extent that AWMF's partner status in the Yorktown Energy partnership was unclear. (*See* Doc. 13-3 at 2–4 (emails between Plaintiff's counsel and Defendant's counsel discussing Plaintiff's chain

---

2. The Fifth Circuit has not definitively stated whether a request for jurisdictional discovery is dispositive or would instead be considered a case management motion. However, because "a magistrate judge's decision regarding such [request] could be viewed as the functional equivalent of an order of dismissal, as it could potentially affect the outcome" of the Motion for Remand, the undersigned will instead recommend that the request be denied. *See Surge Busy Bee Holdings, LLC v. Wiszniewski*, No. 3:19-CV-127-L, 2020 U.S. Dist. LEXIS 63781, at *10–*11, 2020 WL 1846781, at *3 (N.D. Tex. Apr. 13, 2020).

of ownership)). This inquiry in August 2021 into the chain of ownership seemingly came much too late to establish complete diversity at the *time of removal* in July 2021. As such, the undersigned holds that Defendant lacked objectively reasonable grounds to believe that removal under the Court's diversity jurisdiction was legally proper.

Although the undersigned recognizes the "difficulty in ascertaining all of the members of a[n LLC], particularly when the petition is silent and the LLC is an opposing party," it should be clear that Defendant was placed on substantial notice that it would need to investigate Plaintiff's membership prior to removal. *See Pel-State Bulk Plant, LLC v. Unifirst Holdings, Inc.*, No. 14-265-SDD-RLB, 2015 U.S. Dist. LEXIS 18098, at *18 (M.D. La. Jan. 14, 2015), *report and recommendation adopted*, No. 14-265-SDD-RLB, 2015 U.S. Dist. LEXIS 17263, 2015 WL 631282 (M.D. La. Feb. 12, 2015). Defendant failed to address either in its Notice of Removal or its response to the Motion for Remand the basis for believing Plaintiff did not possess New York citizenship. "Had [Defendant] done its due diligence in researching the matter, it would have determined that it could not have reasonably relied on" Plaintiff's purported Texas citizenship based solely upon its state of organization and principal place of business. *See Alarcon v. Aberration, Inc.*, No. 5:21-CV-128, 2021 U.S. Dist. LEXIS 240270, at *8, 2021 WL 5987026, at *3 (S.D. Tex. Dec. 16, 2021). Thus, the undersigned "cannot say that [D]efendant[] possessed an objectively reasonable belief in the propriety of [its] removal of this suit." *Infinity Networks, Inc. v. Finite Validations, LLC*, No. 07-047, 2008 U.S. Dist. LEXIS 23599, at *8, 2008 WL 781918, at *3 (W.D. La. Mar. 25, 2008).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's request for attorney's fees and costs be **GRANTED**. (Doc. 9 at 6–8).

2)  *Motion to Transfer Venue*

Seemingly in the alternative, Defendant moves the Court to allow for a transfer of the case from this Court to the Northern District of Texas. (*See generally* Doc. 5). In federal court, "jurisdiction holds primacy over any question of venue." *Briese v. Conoco-Phillips Co.*, No. 2:08-cv-

1884, 2009 U.S. Dist. LEXIS 11772, at *10, 2009 WL 256591, at *4 (W.D. La. Feb. 3, 2009). When a Motion for Remand is granted, courts routinely deny as moot existing motions to transfer. *See, e.g.*, *Estate of Webber v. T-Mobile US, Inc.*, No. 3:18-CV-1054-L, 2018 U.S. Dist. LEXIS 127339, at *18, 2018 WL 3631781, at *7 (N.D. Tex. July 31, 2018). Here, the undersigned has recommended that the Motion for Remand be granted, and the case sent back to the Texas state court. Accordingly, the undersigned **RECOMMENDS** that the Motion to Transfer be **DENIED AS MOOT**. (Doc. 5).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Remand be **GRANTED**. (Doc. 9).

In addition, the undersigned **RECOMMENDS** that Defendant's request for jurisdictional discovery be **DENIED**. (Doc. 12 at 2–4).

Further, the undersigned **RECOMMENDS** that Defendant's Motion to Transfer be **DENIED AS MOOT**. (Doc. 5).

Further, the undersigned **RECOMMENDS** that Plaintiff's request for attorney's fees and costs be **GRANTED**. (Doc. 9 at 6–8). Defendant should be taxed with all reasonable attorney fees and costs associated with Plaintiff's Motion for Remand.

Further, the undersigned **RECOMMENDS** that this suit be **REMANDED** to the 83rd Judicial District Court of Pecos County, Texas.

Finally, the undersigned **RECOMMENDS** that all other pending motions be **DISMISSED AS MOOT**, and that this case be **CLOSED**.

SIGNED this 18th day of January, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

14

INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

15